IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE S. MANN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] Acting | : | |
| Commissioner of Social Security | : | NO. 21-2097 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                             January 12, 2022

Joanne S. Mann ("Plaintiff") seeks review of the Commissioner's decision denying her claim for Disability Insurance Benefits ("DIB"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand the case to the Commissioner for consideration by a properly appointed Administrative Law Judge ("ALJ") other than the one who originally considered Plaintiff's claim.

**I.   PROCEDURAL HISTORY**

Plaintiff, who was born on December 8, 1960, protectively filed for DIB on February 20, 2014, alleging disability as of December 23, 2013, due to osteoarthritis, chronic pain, nerve damage, anxiety, degenerative disc disease, spinal stenosis, herniated discs, overactive bladder, hypothyroidism, and gastroesophageal reflux disease. Tr. at 76-77, 123, 141. After her claim was denied initially, id. at 96-100, she requested a

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action. No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

hearing before an ALJ, id. at 101-02, which took place on December 9, 2015.  Id. at 51-75.  On January 13, 2016, the ALJ denied Plaintiff's claim.  Id. at 10-17.  On April 18, 2017, the Appeals Council denied Plaintiff's request for review, id. at 1-3, making the ALJ's January 13, 2016 decision the final decision of the Commissioner.  20 C.F.R. § 404.981.

Plaintiff initiated this action by filing her complaint on May 6, 2021.  Doc. 1.[2]   In response to Plaintiff's Brief and Statement of Issues, Doc. 6, Defendant filed an unopposed motion for remand.  Doc. 7.[3]

## II.    DISCUSSION

Plaintiff's first argument is that the ALJ who considered her case was not properly appointed under the Appointments Clause and thus lacked the authority to preside and issue a decision.  Doc. 6 at 5-6 (citing Lucia v. SEC, 585 U.S. ___, 138 S. Ct. 2044, 2049-55 (2018)).  The Third Circuit has ruled that to remedy a Lucia error the court must

---

[2]On June 19, 2017, Plaintiff requested additional time to seek judicial review of the Appeals Council's decision.  Tr. at 34, 42.  After Plaintiff's counsel inquired about the status of the request multiple times, see id. at 32, 38 (Aug. 23, 2017), 30, 36 (Nov. 7, 2017), 28 (Apr. 3, 2019), the Appeals Council granted the request on March 8, 2021, allowing Plaintiff to seek judicial review within sixty days.  Id. at 24.  There is no explanation for the Appeals Council's delay in ruling on Plaintiff's request for additional time.
  In the interim, a subsequent application for DIB was granted by an ALJ on May 22, 2019, finding Plaintiff disabled as of January 14, 2016.  Doc. 6 at 3 n.1.  Thus, Plaintiff seeks review of the ALJ's decision in this case for a closed period of benefits from December 23, 2013 to January 13, 2016.  Id.

[3]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

remand the case to a properly appointed ALJ other than the ALJ whose decision is under review. See Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 159-60 (3d Cir. 2020).[4] Here, Defendant has requested such remand and stated that the case will be assigned to a different ALJ for a new hearing and decision. Doc. 7 ¶ 3.

Plaintiff also challenges the merits of the ALJ's decision. Because the matter should be remanded for a de novo determination before another ALJ in any event, I comment only briefly on Plaintiff's merits challenges. Plaintiff challenges the ALJ's (1) determination that her tendinopathy was not severe, (2) failure to include limitations related to the tendinopathy in the residual functional capacity ("RFC") assessment, and (3) the hypothetical questions posed to the vocational expert ("VE"). Doc. 6 at 6-14. The ALJ acknowledged November 2015 test results establishing severe tendinopathy, but found that "her recently diagnosed tendinopathy" did not meet the 12-month durational requirement.[5] Tr. at 13. Plaintiff notes that other evidence in the record establishes that she had been suffering limitations posed by the tendinopathy for over 12 months at the time of the hearing. Doc. 6 at 9 (citing tr. at 151, 154, 155 (Plaintiff's April 1, 2014 Function Report noting limitations in lifting, reaching, and using her hands)). Plaintiff

---

[4] Consistent with Lucia and the requirements of the Appointments Clause, the Acting Commissioner ratified the appointments of all Social Security ALJs on July 16, 2018. See S.S.R. 19-1p, "Titles II and XVI: Effect of the Decision in Lucia v. Securities and Exchange Commission (SEC) on Cases Pending at The Appeals Council," 2019 WL 1324866, at *2 (March 15, 2019).

[5] The ALJ mistakenly stated that the MRI evidencing severe tendinopathy was performed in November 2014. Tr. at 13. The test was performed on November 11, 2015. Id. at 1262.

also suffered from cervical spine issues for which she underwent surgery during the relevant period, tr. at 382, 462, making it difficult to distinguish whether the limitations in her right arm were attributable to cervical radiculopathy or tendinitis.  However, I note that Plaintiff complained to Jay Zampini, M.D., her treating orthopedist, of continued arm weakness on April 24, 2014, four weeks after cervical discectomy and fusion surgery.  Id. at 464.  Because the case will be remanded to allow another ALJ to review the claim, the severity of Plaintiff's tendinitis will be revisited, and the limitations posed by Plaintiff's tendinitis must be included in the ALJ's RFC assessment and hypotheticals posed to the VE regardless of whether tendinitis is considered severe.  See 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments . . . , including your medically determinable impairments that are not 'severe,' . . . when we assess your [RFC].").

Defendant has stated that on remand, "the Appeals Council will assign the case to a different ALJ for a new hearing and decision with respect to the period from December 23, 2013 through January 13, 2016." Doc. 7 ¶ 3.  This will address Plaintiff's challenge to the appointment of the ALJ, and de novo consideration of Plaintiff's claim should address the challenges Plaintiff made to the merits of the prior decision.  Therefore, I will grant Defendant's uncontested motion for remand.

### III.   CONCLUSION

For the foregoing reasons, I will grant the Defendant's motion for remand.  An appropriate Order and Judgment Order follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE S. MANN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  21-2097 |

## **O R D E R**

AND NOW, this 12th   day of January, 2022, upon consideration of Plaintiff's brief and statement of issues (Doc. 6), Defendant's unopposed Motion to Remand (Doc. 7), and the administrative record (Doc. 5), IT IS HEREBY ORDERED that the Motion for Remand is GRANTED, and the case is REMANDED to Defendant for further administrative proceedings consistent with the accompanying Memorandum, including consideration by an ALJ other than the ALJ whose decision is under review.

This remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ Elizabeth T. Hey

_____
ELIZABETH T. HEY, U.S.M.J.